IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



**SCOTT TREMAYNE GRIFFIN,**

    **Plaintiff,**

    v.                                                  CIVIL ACTION NO. 2:17-cv-495

**UNITED STATES OF AMERICA,** *et al.*,

    **Respondents.**

*MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Scott Tremayne Griffin's ("Plaintiff") *pro se* objections to the Magistrate Judge's Report and Recommendation ("R&R"). For the reasons set forth below, the R&R is **ACCEPTED** and **ADOPTED**. Plaintiff's Petition for Writ of Error Coram Nobis is **DENIED AND DISMISSED**.

### I. FACTUAL AND PROCEDURAL HISTORY

The Magistrate Judge's R&R thoroughly details the factual and procedural history of the case. *See* ECF No. 12 at 1–5. On October 2, 1998, Petitioner was pulled over by Virginia Beach police officers shortly after leaving his hotel room. ECF No. 1 at 1. Police officers arrested Petitioner, seized his hotel room key, and executed a search of his hotel room. *Id.* On April 21, 1999, Petitioner was indicted by a federal grand jury on cocaine distribution charges. *Id.* at 3. During the suppression hearing, Petitioner's appointed attorney Jon Babineau did not test the legality of the warrantless search and seizure of Petitioner's hotel room, and Petitioner's suppression motion was denied. *Id.* After the suppression hearing, Petitioner was appointed a new attorney, James Broccoletti. *Id.* Petitioner informed Mr. Broccoletti about the illegality of the search, however, Mr. Broccoetti did not make any objection to the evidence. *Id.* A jury found Petitioner guilty of the charges. *Id.*

1

After trial, Plaintiff hired appellate attorney Anthony Mulford to prepare and file his direct appeal. *Id.* Petitioner informed Mr. Mulford about Mr. Babineau's and Mr. Broccoletti's failure to object to the illegality of the search. *Id.* Petitioner also informed Mr. Mulford about missing discovery that later came to his attention. *Id.* Mr. Mulford however, did not raise these issues on appeal and Petitioner's direct appeal was denied. *Id.*

On September 15, 2017, Petitioner filed a Complaint against the United States, Jon M. Babineau, Ronald G. Reel, James Broccoletti, Anthony Mulford, and the Virginia Beach Police Department. ECF No. 1 at 1. Petitioner challenged his conviction and argued that Defendants "deliberately violat[ed] Petitioners [sic] 4th, 5th, and 6th amendment rights" when they "conspired to commit fraud on the Court by deliberately omitting the warrantless search and seizure by police from the record and completely failing to address its legality." *Id.* at 4. On November 24, 2017, Petitioner amended his Complaint. ECF No. 3. On December 12, 2017, the Court entered an Order advising Petitioner to submit a Petition for Writ of Habeas Corpus in proper form. ECF No. 4. Petitioner filed a Memorandum in Support of Error Coram Nobis (hereinafter "Petition") on March 7, 2018. ECF No. 6. Magistrate Judge Lawrence R. Leonard issued his R&R on October 25, 2018 and recommended the Court deny and dismiss the case. ECF No. 12. Plaintiff filed his written objection to the R&R on November 2, 2018. ECF No. 14.

## II. STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." The *de novo* requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the Magistrate Judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The

2

district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A district court must review the relevant findings by the Magistrate Judge *de novo* when a party properly objects to the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections made to the report must be made "with sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Objections must also respond to specific errors in the report and recommendation because general or conclusory objections are not proper. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections are the equivalent of a waiver. *Id.*

### III. DISCUSSION

Plaintiff objects with a filing that in no way addresses the Magistrate Judge's conclusions in the R&R. ECF No. 14. In his objection, Plaintiff argues that the officers illegally searched his hotel room and that his defense lawyers deliberately failed to question the legality of the search. *Id.* These arguments parallel the same arguments Plaintiff made in his Complaint. *See* ECF Nos. 1, 3.

The Court affirms the Magistrate Judge's findings. While an objecting party may re-raise arguments presented to the magistrate, a mere duplication of the arguments raised in the previous filings does not constitute an objection for the purposes of district court review. *See Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (citing *Abou-Hussein v. Mabus*, No. 2:09-1998, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010)). Here, Plaintiff's objection to the Magistrate Judge's R&R fails because it is identical to the arguments made in Plaintiff's initial Complaint and does not specifically address the Magistrate Judge's conclusions. Therefore, the

Court concludes Plaintiff's filing lacks the specificity necessary to alert the Court of a proper objection to the Magistrate Judge's R&R.

Based on a *de novo* review of the filings and the R&R, this Court determines that the Magistrate Judge's recommendations and findings are proper. *Wilmer*, 774 F.2d at 73. The R&R supports all factual findings and the Court finds Plaintiff's objections are without merit. The Court does not find any legal errors in the Magistrate Judge's findings. Accordingly, the Court concludes that Plaintiff raises no grounds which warrant this Court's departure from the recommendations as stated in the Magistrate Judge's R&R.

## IV. CONCLUSION

The Court has independently reviewed the filings in this case and Plaintiff's objections to the R&R. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. The findings and recommendations in the Magistrate Judge's R&R dated October 25, 2018 are hereby **ACCEPTED** and **ADOPTED**. Specifically, Plaintiff's Petition for Writ of Error Coram Nobis is **DENIED AND DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 15, 2019

/s/
Raymond A. Jackson
**United States District Judge**